UNITED STATES DISTRICT COURT     CASE NO. 7:19-cv-10013-VB
SOUTHERN DISTRICT OF NEW YORK
United States of America

                               Plaintiff,          **CONSENT JUDGMENT**

-against-

In-Joy Enterprises, LLC,
Marko S. Nobles,
Melissa Moorer-Nobles

                               Defendants

```
USDC ...
DOCUMENT
ELECTRONICALLY ...
DOC #:
DATE FILED: 2-3-20
```

STATE OF NEW YORK, COUNTY OF WESTCHESTER) ss.:

WHEREAS, Defendant In-Joy Enterprises, LLC is an active, domestic limited liability company, organized in New York under DOS ID # 3006516, with offices at 157 Hillside Ave, Mount Vernon, New York 11553; and

WHEREAS, Defendant Marko S. Nobles resides within the Southern District of New York at 157 Hillside Ave, Mount Vernon, New York 11553.

WHEREAS, Defendant Melissa Moorer-Nobles resides within the Southern District of New York at 157 Hillside Ave, Mount Vernon, New York 11553, and

WHEREAS, Defendants Marko S. Nobles and Melissa Moorer-Nobles are members of In-Joy Enterprises, LLC; and

WHEREAS, the Defendants acknowledge service of process of the summons and complaint in this lawsuit, admit the jurisdiction of this Court and their liability to the Plaintiff which is based on the following facts:

1. That on or about October 6th, 2006, the U.S. Small Business Administration (hereinafter "SBA") authorized and guaranteed a loan for the sum of $25,000.00 to the borrower-defendant In-Joy Enterprises, LLC.

2. In accordance with said SBA Authorization, lender JPMorgan Chase Bank, N.A. entered into a Promissory Note agreement (hereinafter "Note"), account # 20583750-10, with In-Joy Enterprises, LLC for the principal amount of $25,000.00.

3. A copy of the SBA loan authorization is attached herein and incorporated by reference as Exhibit A.

4. A copy of the Note is attached herein and incorporated by reference as Exhibit B.

5. As collateral for the payment of the Note indebtedness due, Marko S. Nobles and Melissa Moorer-Nobles duly acknowledged and delivered a personal, Continuing Unlimited Guaranty of performance of said indebtedness. Exhibit C.

6. In-Joy Enterprises, LLC defaulted under the terms of the Note for failure to make payment due on February 4th, 2014 ("the default").

7. Marko S. Nobles and Melissa Moorer-Nobles defaulted under their obligations as guarantors for failure to make payment due on February 4th, 2014 ("the default").

8. The principal balance due under the Note is $9,831.30.

9. The Note provides that in the event of default the interest rate may be increased to 3.00 percentage points over the then applicable annual percentage rate in effect, as defined the in the Note. See Default, Exhibit B.

10. The Plaintiff is entitled to recover the full balance due under the SBA Express Loan (#20583750-10) Note, plus accrued interest at 7.85% per annum and fees, as itemized in the Certificate of Indebtedness issued by the United States

Department of Treasury Bureau of Fiscal Service, acting on behalf of the SBA, attached and incorporated herein by reference as <u>Exhibit D</u>.

WHEREAS, Defendants admit the principal balance due on the Note of $9,831.30 as set forth in the Certificate of Indebtedness is true and correct, and the sum of $14,943.95 plus interest accruing at the rate of 7.85% per annum, or $2.12 daily, from October 24th, 2019, is due the Plaintiff. <u>Exhibit D</u>; and

WHEREAS, the Defendants have not appeared or otherwise responded to the Complaint, and hereby consent, authorize and agree to the entry of a judgment for the sum of $14,943.95 plus interest accruing at the rate of $2.12 per diem from October 24th, 2019 to the date of entry of this judgment, and thereafter post judgment interest which will be compounded annually pursuant to the provisions of 28 U.S.C. §1961(b), and

WHEREAS, the Defendants have read and understood the foregoing and sign this agreement as a free and voluntary act, and it is

1. ORDERED AND ADJUDGED that this Consent Judgment is entered in favor of Plaintiff United States of America and against Defendants In-Joy Enterprises, LLC [pro se], with offices at 157 Hillside Ave, Mount Vernon, NY 10553, Marko S. Nobles [pro se], residing at 157 Hillside Ave, Mount Vernon, NY 10553, and Melissa Moorer-Nobles [pro se], residing at 157 Hillside Ave, Mount Vernon, NY 10553 and that plaintiff United States of America have judgment and do recover of the Defendants In-Joy Enterprises, LLC, Marko S. Nobles, and Melissa Moorer-Nobles, jointly and severally, the sum of $14,943.95 plus interest accruing at the rate of $2.12 per day from October 24th, 2019 through the date of entry of judgment for the sum of $ __216.24__ , for a total judgment of $ __15,160.19__ , and 

post-judgment interest that will continue to accrue from the date of this judgment entry at the rate prescribed by law pursuant to 28 U.S.C. § 1961.

2. Execution of this judgment shall be stayed as long as defendant abides by the terms and the conditions of the stipulation of settlement attached hereto.

Consented to as to
form and entry:

_____
John Manfredi
Attorney for United States of America
302 East 19th Street, Suite 2A
New York, NY 10003

_____
Marko S. Nobles, individually and on
behalf of In-Joy Enterprises, LLC
157 Hillside Ave
Mount Vernon, NY 10553

Sworn before me on this
28 day of January, 2020

_____
Notary Public

MARGARET LOMBARDO
No. 01LO6165632
Notary Public, State of New York
Qualified in Westchester County
My Commission Expires May 14, 2023

_____
Melissa Moorer-Nobles
157 Hillside Ave
Mount Vernon, NY 10553

Sworn before me on this
28 day of January, 2020

_____
Notary Public

MARGARET LOMBARDO
No. 01LO6165632
Notary Public, State of New York
Qualified in Westchester County
My Commission Expires May 14, 2023

SO ORDERED: _____ 2/3/2020
Honorable Vincent L. Briccetti
United States District Judge

→ Clerk shall close this case.

Exhibit A

U.S. Small Business Administration

AUTHORIZATION
(SBA*Express* LOAN)

SBA Loan# 20583750-10

| | |
|---|---|
| U.S. Small Business Administration | Lender: |
| New York District Office | JPMorgan Chase Bank, NA |
| 26 Federal Plaza, Suite 3100 | P.O. Box 19019 |
| New York, NY 10278 | Houston, TX 77224 |

Lender is issuing this SBAExpress Loan Authorization for SBA to guarantee 50% of a loan in the amount of $25,000.00 to be made by Lender to assist:

Borrower:   In-Joy Enterprises, LLC, 157 Hillside Ave, Mt Vernon, NY 10553

Lender's issuance is in accordance with the SBAExpress Supplemental Loan Guarantee Agreement between Lender and SBA.

This Authorization is subject to the application submitted by Borrower and the following terms and conditions:

1. Lender must comply with current SBA Form 750, and the provisions of the Small Business Act, 15 U.S.C. § 631, et. seq., SBA Standard Operating Procedures, SBA Official Notices, the SBAExpress Program Guide, and the SBAExpress Supplemental Loan Guarantee Agreement between Lender and SBA, all of which may be amended from time to time.

2. Lender must make first disbursement of the loan no later than 6 months, and complete disbursement no later than 12 months, from the date of this Authorization. For a revolving line of credit loan, Lender must make no disbursement of this loan beyond the maturity date.

3. For loans with a maturity of more than 12 months, Lender must pay a guarantee fee of 2% of the amount guaranteed for loans of $150,000 or less (Lender may retain no more than 25% of this fee) and 3% for loans of more than $150,000 to the Small Business Administration, Denver, CO 80259-0001, within 90 days of the date of this Authorization. For loans with a maturity of 12 months or less, Lender must pay a guarantee fee of .25% of the amount guaranteed to the same address within 30 days after SBA issued the SBA Loan Number. The guarantee fee for this loan is $187.50.

4. Lender must have Borrower execute a Note containing the following repayment terms:
Maturity: Seven (7) years from Date of Note.

Payments of accrued interest or $100.00, whichever is greater, but not to exceed the then outstanding balance of this Note, shall be payable monthly, until the Final Availability Date. The term "Final Availability Date" as used herein means the 3 year anniversary date of this Note. Effective, without any further notice, after the Final Availability Date, no further advances under this line of credit will be available. Thereafter, on the same calendar day as payments were due prior to the Final Availability Date, 47 monthly payments shall be due with each payment equal to

Form 2236 (12/08/04)

the greater amount of (1) $250.00, or (2) the aggregate sum of (a) accrued interest, plus (b) 1/84th of the unpaid principal balance immediately following the Final Availability Date. A final payment shall be due and payable on the same calendar day in the 48th month following the Final Availability Date in the amount of the outstanding principal balance of this Note, plus all accrued but unpaid interest and any other unpaid amounts due under this Note.

**Interest rate: The interest rate on this Note is Prime plus 4.60%**

5. Lender must develop and maintain evidence of a system or process to reasonably ensure that proceeds of loan were used for the following eligible business purposes:

$ 25,000.00     Working Capital

6. Lender must satisfy the following collateral conditions:
**Lender will receive the personal guaranty of the Borrower's principal.**

LENDER: JPMorgan Chase Bank, NA

By: *Elizabeth Rios*                                    10/6/06
Elizabeth Rios, Loan Coordinator              Date

Form 2236 (12/08/04)

Exhibit B

# PROMISSORY NOTE

| | |
|---|---|
| **Borrower:** | **Lender:** |
| **In-Joy Enterprises, LLC** | **JPMorgan Chase Bank, NA** |
| 157 Hillside Ave | FIT Seventh Avenue LPO |
| Mt Vernon, NY 10553 | 305 Seventh Ave |
| Reference Number: 20NY0595859-1 | New York, NY 10001 |

Principal Amount: $25,000.00                                   Date of Note: 10/06/2006

PROMISE TO PAY: In-Joy Enterprises, LLC ("Borrower") promises to pay to JPMorgan Chase Bank, NA, its successors and assigns ("Lender") or order, in lawful money of the United States of America, the total principal amount of $25,000.00 or so much as may be outstanding, together with interest on the unpaid outstanding principal balance from the date advanced until paid in full at the rate or rates referenced in this Note.

LOAN TYPE. This Note evidences a SBA BOBLOC.

PAYMENT TERMS. Borrower will pay this loan in accordance with the following payment schedule:

Accrued interest or $100.00, whichever is greater, but not to exceed the then outstanding balance of this Note, shall be payable monthly, beginning on November 6, 2006, and on the same calendar day monthly thereafter until the Final Availability Date. Paragraph 11 of the additional terms of this Note is hereby amended to provide that the term Final Availability Date as used herein means the third anniversary of the date of this Note. Effective, without any further notice, after the Final Availability Date, no further advances under this line of credit will be available. Thereafter, 47 monthly payments shall be due with each payment equal to the greater amount of (1) $250.00, or (2) the aggregate sum of (a) accrued interest, plus (b) 1/84th of the unpaid principal balance immediately following the Final Availability Date, with each payment to be due on the same calendar day as payments were due prior to the Final Availability Date. A final payment shall be due and payable on the same calendar day in the 48th month following the Final Availability Date in the amount of the outstanding principal balance of this Note, plus all accrued but unpaid interest and any other unpaid amounts due under this Note.

Payments and any other credits shall be allocated among principal, interest, late charges, collection costs, fees and other charges at the discretion of Lender, unless otherwise required by applicable law. Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.

INTEREST RATE. The interest rate on this Note is Prime plus 4.60%. If the rate is based on the Prime Rate, it is a fluctuating rate as further described in this Note.

PREPAYMENT PREMIUM. Borrower may pay without fee all or any portion of the loan evidenced by this Note at any time. All prepayments shall be applied in such order and manner as Lender may from time to time determine in its sole discretion.

LATE CHARGE. If a payment is 10 days or more late, Borrower will be charged a late charge of 5.00% of the payment due or $25.00, whichever is greater, up to the maximum amount of $250.00 per late charge.

DEFAULT RATE. If permitted by applicable law, upon the occurrence of any default under this Note, whether or not Lender elects to accelerate the maturity of this Note, at its option, Lender may add any unpaid interest to principal and such sum shall bear interest therefrom until paid and may increase the interest rate an additional 3.00% over the interest rate then in effect.

ANNUAL FEE. A non-refundable annual fee of $150.00, or such other amount as advised by Lender, may be

## PROMISSORY NOTE

charged to your line of credit for each year that advances are available under this Note or for each year there remains a principal amount outstanding on this Note. No refund of any part of the annual fee will be made in the event of cancellation of the line of credit for any reason. The annual fee for the first year will be $150.00.

FEE(S): In addition to all other obligations under this Note, Borrower shall pay the following fees together with all other fees described in this Note:

| | | |
|---|---|---|
| SBA Packaging Fee | Advanced Against Line | $150.00 |
| Small Business Administration(SBA) Fee | Advanced Against Line | $250.00 |
| | Total: | $400.00 |

SECURITY AGREEMENT. Borrower hereby grants, pledges and assigns to Lender, as security for repayment of the Indebtedness, a security interest in the following property, together with any substitutions and replacements therefor, and all products and proceeds thereof:

    accounts and deposit accounts of Borrower at any time held by Lender

Such property, together with any property described in any Related Document, is referred to in this Note as the "Collateral".

FUTURE MODIFICATIONS. Lender shall have the right, from time to time, to renew, modify and/or extend this Note in its sole discretion (each a "Future Modification"), including, without limitation, the right to (a) increase the principal amount of this Note, (b) extend the Maturity Date, (c) reduce the interest rate temporarily and then increase the rate to no more than the amount provided for herein, (d) permanently reduce the interest rate, (e) modify the periodic payment terms, and/or (f) change fees and time frames for imposition of fees. Lender will inform Borrower of any such Future Modification by written notice, which may take the form of inclusion of such Future Modification in the periodic loan account statement sent to the Borrower. Any use of the principal amount or any other feature of this Note after such notice shall constitute Borrower's acceptance of such Future Modification.

ADDITIONAL LOAN TERMS. Certain definitions and other additional terms and conditions of the Note, are attached to this Note and are incorporated herein by reference (the "Additional Terms"). This Note represents the final agreement between Lender and Borrower and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreement of the parties. There are no unwritten agreements between Lender and Borrower or Guarantors. Borrower agrees to be bound by all terms of this Note, including but not limited to the jury waiver provisions (where not prohibited by applicable law). Borrower agrees that Lender may record or file this Note if Lender deems it necessary to protect its interest. Borrower acknowledges receipt of the important Additional Terms which are part of this Note and the Security Agreement included in this Note. BORROWER AGREES THIS SECURITY AGREEMENT SECURES ALL INDEBTEDNESS OF BORROWER AND IS NOT LIMITED TO A SPECIFIC LOAN. "Indebtedness" is more fully defined in the Additional Terms, is used in its most comprehensive sense to mean any and all obligations of every kind and character of Borrower, or any one or more of them, to Lender, now existing or hereinafter incurred, and includes obligations owing after payment in full of the specific term loan or line of credit described in this Note.

Borrower agrees that a facsimile of the signature(s) of the signer(s) of this Note, in any capacity, may be used to evidence the Borrower's acceptance of the terms of this Note. Any use of the principal amount or any other feature of this Note may be used as evidence of the foregoing authorizations, acceptances and agreements.

CONDITIONS FOR FUNDING. IN ADDITION TO THE OTHER REMEDIES UNDER THIS NOTE, WITHOUT THE CONSENT OF BORROWER OR NOTICE TO ANYONE, LENDER HAS NO OBLIGATION TO MAKE THE INITIAL ADVANCE OR ANY ADVANCE UNDER THIS NOTE IF LENDER DETERMINES, IN ITS SOLE DISCRETION, THAT (A) BORROWER'S NAME ON THIS NOTE

## PROMISSORY NOTE

OR ANY GUARANTOR'S NAME ON THE GUARANTY IS INCORRECT OR INCOMPLETE; (B) LENDER'S LIEN ON THE COLLATERAL WILL NOT BE THE FIRST LIEN, FREE AND CLEAR OF ALL OTHER LIENS, SECURITY INTERESTS OR ENCUMBRANCES; OR (C) ANY OTHER EVENT OF DEFAULT PROVIDED FOR IN THIS NOTE HAS OCCURRED. ADVANCING FUNDS ON THIS LOAN DOES NOT WAIVE ANY OF LENDER'S RIGHTS AND REMEDIES UNDER THIS NOTE.

In-Joy Enterprises, LLC

By: _____  Print Title: Partner  Date: 12/6/06
Marko S Nobles

By: _____  Print Title: PARTNER  Date: 12/6/06
Melissa Moorer-Nobles

9090600026001

Exhibit C

# CONTINUING UNLIMITED GUARANTY

**Borrower:**

In-Joy Enterprises, LLC
152 Hillside Ave
Mt Vernon, NY 10553
Reference Number: 20NY0595859-1

**Lender:**

JPMorgan Chase Bank, NA
177 Seventh Avenue LPO
305 Seventh Ave
New York, NY 10001

**Guarantor:**

Marko S Nobles and Melissa Moerer-Nobles

---

Guaranty To induce Lender, at its option, to make financial accommodation, make or acquire loans, extend or continue credit or some other benefit, present or future, direct or indirect, and whether several, joint or joint and several, and in the State of Louisiana, solidary, to Borrower, whether one or more, and because the undersigned (each a "Guarantor") has determined that executing this guarantee of the Indebtedness (the "Guaranty") is in the interest of Guarantor, and to the financial benefit of Guarantor, Guarantor, as primary obligor and not merely as surety, absolutely and unconditionally guarantees to the Lender the performance of and full and prompt payment of the Indebtedness when due, whether at stated maturity, by acceleration or otherwise. The Guarantor will also reimburse Lender for any Collection Amounts, including, without limitation, reasonable attorney fees, costs and other Collection Amounts, Lender may pay in collecting from Borrower or Guarantor, and for liquidating any Collateral, both before and after judgment.

Certain definitions and other additional terms and conditions of this Guaranty are attached hereto and are incorporated herein by reference (the "Additional Terms"). Guarantor acknowledges receipt of the important Additional Terms which are part of this Guaranty.

GUARANTOR AGREES THIS IS A CONTINUING GUARANTY OF PAYMENT OF ALL INDEBTEDNESS OF BORROWER AND IS NOT LIMITED TO A SPECIFIC LOAN. "Indebtedness" is more fully defined in the Additional Terms, is used in its most comprehensive sense to mean any and all obligations of every kind and character of Borrower, or any one or more of them, to Lender, now existing or hereinafter incurred, and includes obligations owing after payment in full of the specific term loan or line of credit referenced in the Additional Terms.

Guarantor grants to Lender a security interest in all of Guarantor's accounts (whether checking, saving or some other account, other than tax deferred accounts) now or hereafter maintained with Lender or any JPMorgan Chase & Co. affiliate as security for repayment of the Indebtedness.

Guarantor agrees that (1) Lender may proceed against one or more Guarantor without proceeding against Borrower, any other Guarantor, any other obligor owing any portion of the Indebtedness, or any Collateral; (2) the terms of any agreement evidencing the Indebtedness, including the Note describing the specific term loan or line of credit referenced in the Additional Terms, along with any renewal, amendment or modification thereof, will be provided only to Borrower and it shall be the responsibility of Guarantor to obtain a copy of any such documents; (3) the Note describing the specific term loan or line of credit referenced in the Additional Terms is the binding obligation of Borrower, and if Borrower is an entity, is duly authorized by Borrower and is executed by a person authorized to sign on behalf of Borrower; (4) if Guarantor is an entity, this Guaranty is duly authorized by Guarantor and is executed by a person authorized to sign on behalf of Guarantor; (5) a facsimile of the signature of Guarantor, in any capacity, may be used to evidence Guarantor's acceptance of the terms of this Guaranty; (6) Lender may obtain credit bureau reports regarding Guarantor and Borrower; and (7) the terms

## CONTINUING UNLIMITED GUARANTY

of this Guaranty of all Indebtedness of Borrower, including those relating to the jury waiver (where not prohibited by applicable law), are the binding obligation of Guarantor.

In Arizona the Guarantor's spouse must also sign this Guaranty for community property purposes.

X _Marko S. Nobles_ _12/6/06_
Marko S Nobles                      Date

_Melissa Hoover-Nobles_ _12/6/06_
Melissa Hoover-Nobles                Date

2

909060026001

Exhibit D



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, D.C. 20227

ACTING ON BEHALF OF
U.S. Small Business Administration
CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and Address(es):

In-Joy Enterprises, LLC
157 Hillside Ave
Mount Vernon, NY 10553

Melissa Moorer-Nobles
157 Hillside Ave
Mount Vernon, NY 10553

Marko S. Nobles
157 Hillside Ave
Mount Vernon, NY 10553

RE: Treasury Claim TRFM2014241144

I certify that the U.S. Small Business Administration (SBA) records show that the debtors named above are indebted to the United States in the amount stated as follows:

|  |  |
|---:|---:|
| Principal: | $ 9,831.30 |
| Interest through 10/23/2019*: | $ 1,150.24 |
| DMS fees: | $ 3,514.09 |
| DOJ fees: | $ 448.32 |

(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, note)

**TOTAL debt owed as of 10/23/2019    $14,943.95**

*NOTE: Per the creditor agency profile, the debt continues to accrue interest at the annual rate of 7.85% (or $2.12 daily).

This debt is based on the debtors' February 4th, 2014 default on SBA Express Loan (#20583750-10) in the amount of $25,000.00.

**CERTIFICATION:** Pursuant to 28 USC ss. 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the U.S. Small Business Administration.

Signed by: Natalie R. Stubbs
Natalie Stubbs
Financial Program Specialist
U.S. Department of the Treasury
Bureau of the Fiscal Service